## Gottshall, Executrix, v. Short Line, Inc., of Pennsylvania et al.

*J. Paul MacElree*, for plaintiff.

*Gawthrop & Gawthrop*, for defendants.

WINDLE, P. J., December 9, 1940.—In accordance with the direction in the præcipe filed by plaintiff in this case, a writ of summons in trespass was issued by the pro-

thonotary of this court on October 19, 1940, returnable "the First Monday of December, next". It was duly served on defendants. They then, on petition, took this rule to show cause why said writ should not be quashed, set aside, and vacated, and why the case should not be dismissed for want of jurisdiction, on the ground that the writ, having been issued more than ten days before the first day of the next—the November—term of court, should have been made returnable thereto, rather than to the first day of the term of court succeeding that one, to wit, the December term, as it was. We think the position is well taken.

Under the rules of this court a term of our court begins on the first Monday of November of each year. This writ then was issued more than ten days before the first day of the next term after its issuance. The Act of June 13, 1836, P. L. 568, sec. 30, provides:

"Every writ used for the commencement of an action, shall bear date on the day of the issuing thereof, and shall be made returnable on the first day of the term next succeeding the time at which it shall be issued". And section 31 of the said act goes on:

"That in the case of a writ of summons, if there shall not be ten days between the issuing thereof and the first day of the term as aforesaid, the writ may be made returnable on the next day preceding the last day of such term, or upon the first day of the second term next after the issuing of the writ."

From the above we deem it clear that this writ should have been made returnable the first Monday of November rather than the first Monday of December 1940. It was issued more than ten days prior to the former date. Only if it were issued less than ten days prior thereto could it properly be made returnable to any later day. We think the proper construction of the sections of the statute above quoted compels that conclusion, the provision as to writs of summons made in section 31 being particularly significant in that regard. Only in the event mentioned therein

may such writ be made returnable to any but the first day of the next term. The same conclusion is reached in Hotchkiss v. Liverpool & London & Globe Ins. Co., 18 Dist. R. 289, and Fisher & Son v. Davis, 4 Leh. L. J. 138.

Under the circumstances here then the writ was not made returnable to the correct day. It was, therefore, irregular and void and ineffective to bring defendants within the jurisdiction of this court. Defendants' application must be granted.

Rule absolute.

Writ of summons quashed.

It is adjudged that this court has no jurisdiction of the persons of defendants in this case.